UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS C. CRAIG, | ) |
|        Plaintiff, | ) CASE NO. C12-0927-MJP-MAT |
| v. | ) REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
|        Defendant. | ) |

Plaintiff appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further administrative proceedings.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff was born in 1980. (Administrative Record ("AR") 130.) He has a high school education and previously worked as a truck driver, a customer service representative,

REPORT AND RECOMMENDATION
PAGE -1

and a bellman/limousine driver.  (AR 161, 184.)  In October 2008, he filed an application for DIB, alleging disability beginning August 18, 2007.  (AR 16, 130.)  He subsequently amended the alleged onset date to May 1, 2008.  (AR 16, 30.)

The Commissioner denied plaintiff's application initially and on reconsideration.  (AR 83-84, 86-87, 88-90.)  He requested a hearing which took place on May 4, 2010.  (AR 26-80, 95.)  On June 15, 2010, the ALJ issued a decision finding plaintiff not disabled.  (AR 16-22.)  The Appeals Council denied plaintiff's request for review (AR 1-4), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On May 30, 2012, plaintiff timely filed the present action challenging the Commissioner's decision.  (Dkt. No. 1.)

## II.  JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. § 416.920.  At step one, it must be determined whether the claimant has engaged in substantial gainful activity.  The ALJ found plaintiff had not engaged in substantial gainful activity since May 1, 2008, the alleged onset date.  (AR 18.)  At step two, it must be determined whether the claimant suffers from a severe impairment.  The ALJ found plaintiff's psoriasis and ankylosing spondylitis severe.  *Id*.  Step three asks whether the claimant's impairments meet or equal the criteria of a listed impairment.  The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

AR 19. If the claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity ("RFC") and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform

> less than a full range of sedentary work as defined in 20 CFR 404.1567(a). The claimant can frequently lift and/or carry less than ten pounds. The claimant can stand and/or walk for less than two hours in an eight hour workday with normal breaks. The claimant can sit for at least six hours in an eight hour workday. He must be allowed to periodically alternate between sitting and standing. The claimant is precluded from climbing, balancing, kneeling, crouching, crawling, and stooping. The claimant can occasionally reach. The claimant is limited with exposure to temperature extremes, exposure to humidity, and operation of hazardous equipment and machinery.

*Id*. With that assessment, the ALJ found plaintiff able to perform his past relevant work as a customer service representative and, therefore, to be not disabled. (AR 22.)

Plaintiff argues substantial evidence does not support a finding that he could perform his past relevant work as actually performed, the ALJ's residual functional capacity assessment is unreviewable, the ALJ did not comply with Social Security Ruling ("SSR") 00-4p, and substantial evidence does not support a finding that he could perform his past relevant work as generally performed. (Dkt. No. 15 at 1.) He requests remand for further administrative proceedings. *Id*. at 2. The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed. (Dkt. No. 16.)

<u>Residual Functional Capacity Assessment</u>

At step four, the ALJ must identify plaintiff's functional limitations or restrictions, and assess his work-related abilities on a function-by-function basis, including a required narrative discussion. *See* 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p. RFC is the most a claimant can

REPORT AND RECOMMENDATION
PAGE -3

do considering his limitations or restrictions. *See* SSR 96-8p. The ALJ must consider the limiting effects of all of plaintiff's impairments, including those that are not severe, in determining his RFC. 20 C.F.R. §§ 404.1545(e), 416.945(e); SSR 96-8p.

In assessing plaintiff's RFC, the ALJ found plaintiff able to "stand and/or walk <u>for less than two hours</u> in an eight hour workday with normal breaks" and "sit for <u>at least six hours</u> in an eight hour workday." (AR 19, emphasis added.) Plaintiff argues this RFC was legally insufficient in that the ALJ failed to determine how long plaintiff could stand and/or walk. In addition, plaintiff argues that by specifying plaintiff could sit for at least six hours, the ALJ failed to determine the maximum amount of time that plaintiff could sit.

Responding, the Commissioner disputes plaintiff's contention that the ALJ failed to determine how long plaintiff could sit, stand and/or walk. The Commissioner contends the ALJ relied upon the findings of Shaila Gala, M.D., who opined that plaintiff could stand and/or walk less than two hours in an eight-hour workday. (AR 388.) The Commissioner argues that "it is reasonable to infer, based upon the ALJ's assessment of the medical evidence, which has not been challenged, that the ALJ assessed Plaintiff's residual functional capacity as the most he could do." (Dkt. No. 16 at 4-5.)

Contrary to the Commissioner's contention, the ALJ's decision does not provide any findings about plaintiff's ability to sit, stand, and/or walk. Because the ALJ only specified that plaintiff could stand and/or walk for less than two hours, it is unknown whether the ALJ found plaintiff could stand and/or walk for fifteen minutes, thirty minutes, one hour, etc. Further, in only identifying the least amount of time plaintiff could sit, the ALJ failed to specify the maximum amount of time plaintiff could sit. This is significant because the

vocational expert testified that a person would have to sit seven hours and twenty minutes per day to work as a customer service representative. (AR 73-77.) As the ALJ specified the *least* plaintiff could do rather than the *most* plaintiff could do in terms of sitting, standing, and walking as required by SSR 96-8p, the ALJ's RFC finding is ambiguous and unreviewable, in part.

Plaintiff also faults the ALJ for failing to specify the frequency of plaintiff's need to alternate sitting and standing in the RFC finding. The ALJ found that plaintiff "must be allowed to periodically alternate between sitting and standing." (AR 19.) Plaintiff avers that because the ALJ failed to determine how long plaintiff could sit without interruption, the ALJ failed to render a sufficiently specific assessment of his need to alternate sitting and standing. *See* SSR 96-9p ("The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing.").

In response, the Commissioner argues that the ALJ based her assessment on the opinion of Dr. Gala, who indicated plaintiff had no difficulty sitting but would need to periodically alternate between sitting and standing to relieve pain and discomfort. According to the Commissioner, the ALJ ruled that plaintiff needed an "at-will" sit/stand option because only plaintiff could know when he was experiencing pain requiring a change in position.

Although the Commissioner contends that the ALJ implicitly adopted an "at-will" sit/stand option in this case, there is no mention of this in the ALJ's decision. To the contrary, the ALJ simply noted that plaintiff must periodically alternate between sitting and standing with no indication of when or how often he needed to change positions. As the ALJ failed to specify the frequency of plaintiff's need to alternate sitting and standing as required by SSR

REPORT AND RECOMMENDATION
PAGE -5

96-8p in the RFC assessment, the ALJ erred.

Furthermore, the Court cannot conclude the ALJ's error was harmless. Even if the ALJ intended the sit/stand option to indicate a need to change positions "at-will," the ALJ failed to pose a hypothetical question to the vocational expert which reflected an at-will sit/stand option. In posing a hypothetical to the vocational expert, the ALJ asked whether a person could perform plaintiff's past work as a customer service representative if the person "must periodically alternate sitting and standing." (AR 72.) In response to the ALJ's hypothetical, the vocational expert testified that a person could perform plaintiff's past work as a customer service representative "provided that if the need to alternate sitting and standing was satisfied by doing so . . . less than five minutes out of an hour." (AR 73.) The ALJ concluded, based on the vocational expert's testimony, that plaintiff could perform his past relevant work as a customer service representative. (AR at 22.) However, the hypothetical upon which the ALJ relied actually restricted the alteration of positions to less than five minutes an hour, not at-will. *See id*.

Plaintiff also points out that although the ALJ stated that the vocational expert testified that plaintiff could perform his past relevant work as a customer service representative with his "current residual functional capacity," the ALJ misstated the vocational expert's testimony. (AR at 22.) Rather, as indicated above, the vocational expert testified that a person could perform plaintiff's past work as a customer service representative as long as he only needed to alternate sitting and standing for "less than five minutes out of an hour." (AR 73.) As the ALJ's RFC assessment did not define how long plaintiff needed to maintain either position, the ALJ's statement is not supported by the record.

REPORT AND RECOMMENDATION
PAGE -6

Because of the ALJ's ambiguous framing of the sit/stand option, the hypothetical question, and the responses of the vocational expert, the ALJ had no evidence upon which to base her finding that plaintiff could perform the job of customer service representative. Therefore, on remand, the ALJ should clarify her meaning as to the sit/stand option both within her RFC assessment and any hypotheticals to the vocational expert.

### Step Four

Plaintiff argues that substantial evidence does not support the ALJ's step four finding that he could perform his past relevant work as a customer service representative as generally performed.[1]  (Dkt. No. 15 at 8-15.)  Plaintiff further contends that the vocational expert's testimony conflicts with the Dictionary of Occupational Titles ("DOT") and that the ALJ did not reconcile the conflict as required by SSR 00-4p.  The Commissioner responds that the ALJ did not err by finding that plaintiff was able to perform his past work as generally performed in the national economy.   (Dkt. No. 16 at 6.)

The Court need not determine whether the ALJ erred at step four because this case is being remanded for further proceedings.  If the ALJ considers testimony from a vocational expert on remand, however, the ALJ is directed to make an appropriate inquiry in accordance with SSR 00-4p to determine whether the testimony conflicts with the DOT.  If it does, the ALJ must obtain a reasonable explanation for the conflict before relying on that testimony at step four.  *See Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007).[2]

---

[1] The parties agree that the ALJ did not render an as actually performed step four finding.   (Dkt. No. 15 at 5, Dkt. No. 16 at 3, Dkt. No. 17 at 1.)

[2] "SSR 00-4p unambiguously provides that '[w]hen a [vocational expert] ... provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible

IV.  CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED for further administrative proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

DATED this 9th day of January, 2013.

Mary Alice Theiler
United States Magistrate Judge

---

conflict between that [vocational expert] ... evidence and information provided in the [Dictionary of Occupational Titles].'  SSR 00-4p further provides that the adjudicator 'will ask' the vocational expert 'if the evidence he or she has provided' is consistent with the Dictionary of Occupational Titles and obtain a reasonable explanation for any apparent conflict."  *Id*. at 1152-53.

REPORT AND RECOMMENDATION
PAGE -8